**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>ZHEJIANG ORIENT GENE BIOTECH CO., LTD. and HEALGEN SCIENTIFIC, LLC<br><br>*Defendants*. | Civil Action No. 4:25-cv-01332<br><br>Judge Charles R. Eskridge III |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT AND JOIN NON-DIVERSE DEFENDANTS

**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
811 Main Street, Suite 1800
Houston, TX 77002-2755
713-576-2438
ryan.hartman@arnoldporter.com

July 6, 2026

# TABLE OF CONTENTS

**Pages**


I. The Court Can Decide The Present Motion First .......... 1

II. The Motion To Amend Is Meritorious .......... 2

A. Good Cause Under Rule 16 .......... 2

1. Adequate Explanation .......... 2
2. FS's Proposed Amendment Is Important .......... 4
3. Defendants' Claim Of Prejudice Is Unpersuasive .......... 4
4. The Cognizable Potential Prejudice Was Cured By The Continuance Defendants Obtained .......... 6

B. Rule 15 Is Met .......... 6

1. There Was No "Undue Delay" .......... 6
2. FS Acted In Good Faith And With A Proper Motive .......... 7
3. There Is No "Undue Prejudice" .......... 9
4. FS's Amendment Is Not Futile .......... 10

C. The Court Should Permit Joinder Of Non-Diverse Defendants .......... 11

1. The Purpose Of The Amendment Is Not To Defeat Federal Jurisdiction .......... 11
2. FS Has Been Diligent .......... 11
3. FS Will Be Significantly Injured Absent Joinder Of Non-Diverse Defendants .......... 11
4. The Remaining Equities Favor Joinder .......... 13

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams Fam. Tr. v. John Hancock Life Ins. Co.*,
424 F. App'x 377 (5th Cir. 2011) .......... 15

*Agar Corp. v. Multi-Fluids Inc.*,
1998 WL 425474 (S.D. Tex. Apr. 17, 1998) .......... 15

*Ayres v. Wiswall*,
112 U.S. 187 (1884) .......... 1

*B.A. Kelly Land Co. v. Aethon Energy Operating, L.L.C.*,
25 F.4th 369 (5th Cir. 2022) .......... 6

[redacted] .......... 15

*BigCommerce, Inc. v. S&O Inc.*,
2025 WL 882701 (W.D. Tex. Mar. 3, 2025) .......... 3

*BMSH I Katy TX, LLC v. Smith Seckman Reid, Inc.*,
2024 WL 4229312 (S.D. Tex. Sept. 18, 2024) .......... 3, 4

*Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*,
484 F. Supp. 3d 448 (S.D. Tex. 2020) .......... 15

*Chandler v. Phoenix Servs.*,
419 F. Supp. 3d 972 (N.D. Tex. 2019) .......... 15

*Clark v. Dep't of Pub. Safety*,
141 F.4th 653 (5th Cir. 2025) .......... 15

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) .......... 15

*Fahim v. Marriott Hotel Servs., Inc.*,
551 F.3d 344 (5th Cir. 2008) .......... 3

*Filgueira v. U.S. Bank Nat'l Ass'n*,
734 F.3d 420 (5th Cir. 2013) .......... 4

*Fruehauf Corp. v. Carrillo*,
848 S.W.2d 83 (Tex. 1993) ........ 1

*Gomez v. Specialized Loan Servicing, LLC*,
2023 WL 3604729, at *3 (W.D. Tex. May 4, 2023), *R&R adopted*, 2023 WL 3612340 (W.D. Tex. May 22, 2023) ........ 15

*Gregory v. Mitchell*,
634 F.2d 199 (5th Cir. 1981) ........ 7

*Hammond v. United States*,
2023 WL 8113860 (W.D. Tex. June 6, 2023) ........ 5

*Howard v. Medicredit, Inc.*,
2018 WL 3752366 (N.D. Tex. Aug. 8, 2018) ........ 3

*In re Am. Int'l Refinery, Inc.*,
676 F.3d 455 (5th Cir. 2012) ........ 15

*In re Juliet Homes, LP*,
2010 WL 5256806 (Bankr. S.D. Tex. Dec. 16, 2010) ........ 6

*Iron Mountain Processing, LLC v. Fortis Metal Mgmt., LLC*,
2025 WL 2684331 (N.D. Tex. July 15, 2025) ........ 3

*Little v. Liquid Air Corp.*,
952 F.2d 841 (5th Cir. 1992) ........ 15

*Majestic Synthetic Oil, LLC v. Underwriters at Lloyd's*,
2025 WL 1837519 (S.D. Tex. July 3, 2025) ........ 15

*Mayeaux v. La. Health Serv. & Indem. Co.*,
376 F.3d 420 (5th Cir. 2004) ........ 6, 15

*Metro. Cas. Ins. Co. v. Stevens*,
312 U.S. 563 (1941) ........ 1

*Newsome v. Int'l Paper Co.*,
123 F.4th 754 (5th Cir. 2024) ........ 5

[redacted] ........ 1

*Parish v. Frazier*,
195 F.3d 761 (5th Cir. 1999) ........ 7, 15

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) .......... 7

*S&W Enters., L.L.C. v. SouthTrust Bank*,
315 F.3d 533 (5th Cir. 2003) .......... 2

*Sam Rayburn Mun. Power Agency v. Gillis*,
2015 WL 410268 (E.D. Tex. Jan. 30, 2015) .......... 15

*Smith v. EMC Corp.*,
393 F.3d 590 (5th Cir. 2004) .......... 7, 15

*Sw. Intelecom Inc. v. Compass Bank*,
253 F. App'x 372 (5th Cir. 2007) .......... 15

*United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*,
157 F.4th 758 (5th Cir. 2025) .......... 6

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) .......... 5

*Wimm v. Jack Eckerd Corp.*,
3 F.3d 137 (5th Cir. 1993) .......... 15

**Statutes**

Tex. Fin. Code § 304.003 .......... 2

Tex. Fin. Code § 304.104 .......... 2

Texas Uniform Fraudulent Transfer Act .......... 15

**Other Authorities**

Fed. R. Civ. P. 15 .......... 6, 15

Fed. R. Civ. P. 16 .......... 6, 15

## I. The Court Can Decide The Present Motion First

Defendants ask the Court to defer decision on the motion to amend until after it has decided their summary judgment motion.

FS is highly confident that its contract claim is meritorious and that Defendants' summary judgment motion may be rejected as borderline frivolous. FS has no desire to re-brief these motions in state court. But as a matter of judicial efficiency, we see no good reason for this Court to rule on the pending motions if the Court is going to remand the case. Following a remand, it is for the state court to determine what effect to give the proceedings that took place in federal court. *Metro. Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 569 (1941); *Ayres v. Wiswall*, 112 U.S. 187, 189-91 (1884). That court will exercise its own "control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered." *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). So, investing judicial resources in resolving the summary judgment motions in this Court could be inefficient.

Defendants are also wrong that a partial summary judgment on liquidated damages would moot FS's [redacted] claims. Defendants' bald-faced assertion (ECF 185 at 14) that FS "has no evidence" to support liquidated damages is incorrect, ECF 146 at 23-25, and whether Defendants have sufficient assets to pay FS's judgment is not an element of a [redacted] claim alleging [redacted]. To the contrary, insolvency is an element only of a [redacted] claim. [redacted]

In any event, FS's claim for lost profits exceeds Defendants' current assets. Defendants mistakenly assert that FS seeks $343 million in lost profits. ECF 185 at 14. FS in fact seeks $387 million. ECF 185-1 at 112. Combined with prejudgment interest, which already exceeds $81 million,[1] FS's claim of $468 million (and counting) is greater than Defendants' reported $430 million in current assets.

## II. The Motion To Amend Is Meritorious

### A. Good Cause Under Rule 16

#### 1. Adequate Explanation

A party seeking relief from a scheduling deadline must offer an "adequate explanation for its failure to comply with the scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). As demonstrated in our motion, the discovery of new information after the scheduling order's deadline has passed is an adequate explanation warranting relief from the deadline. ECF 178 at 16 (collecting cases). Here, Defendants did not reveal the evidence supporting the new claims until well after the scheduling order's deadlines for joining parties and amending pleadings. They did not produce the key documents until the very end of October 2025, and the witnesses who confirmed the existence of these claims did not testify until December 2025. ECF 140-2 ¶¶ 10, 16.

Defendants counter that the cases involved a shorter gap between the discovery of new information and the filing of the motion to amend than here. No case holds that a short

[1] Interest begins to run 180 days after defendant receives written notice of a claim (November 27, 2023) and is currently set by the Texas Consumer Credit Commissioner at 6.75%. *See* Tex. Fin. Code §§ 304.003, 304.104.

lag between discovery of the relevant information and the filing of a motion to amend was necessary to establish diligence. To the contrary, courts assess the movant's "actions during the delay." *Howard v. Medicredit, Inc.*, 2018 WL 3752366, at *3 (N.D. Tex. Aug. 8, 2018). Thus, in *Howard*, serving a subpoena, reviewing records, and fulfilling meet-and-confer obligations demonstrated diligence. *Id.* Here too, FS reviewed the records promptly, served subpoenas promptly, and fulfilled its meet-and-confer obligations promptly. *See* ECF 79-1 at 21-45; ECF 140-2 ¶¶ 10, 16. In *Iron Mountain Processing, LLC v. Fortis Metal Mgmt., LLC*, 2025 WL 2684331, at *3 (N.D. Tex. July 15, 2025), as here, emailing opposing counsel about the plaintiff's intent to amend demonstrated diligence. *See* ECF 140-2 ¶ 17. In *BMSH I Katy TX, LLC v. Smith Seckman Reid, Inc.*, 2024 WL 4229312, at *3 (S.D. Tex. Sept. 18, 2024), as here, promptly deposing key witnesses before moving for leave to amend demonstrated diligence. *See* ECF 140-2 ¶ 16. And in *BigCommerce, Inc. v. S&O Inc.*, 2025 WL 882701, at *2 (W.D. Tex. Mar. 3, 2025), awaiting a ruling from the court was an adequate explanation. Here, FS requested an expedited schedule on its motion for modification of the protective order to allow it to bring the new claims, ECF 110-1 at 17, and the Court decided the motion less than three months later. ECF 174. Finally, FS filed the present motion within ten days of the Court's ruling.

Defendants say that FS should not have sought leave to amend the Protective Order and instead should have skipped right to a motion to amend the scheduling order. To the contrary, FS reasonably decided that asking the Court to derail its pretrial order should be a *last* resort, not a *first* resort. After all, district courts are encouraged "to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d

344, 348 (5th Cir. 2008) (quotation marks and citation omitted). Although the Court did not grant the motion to modify the protective order, seeking the Court's guidance and invoking state-court proceedings reflected respect for the Court's orders and procedures, not "gamesmanship," as Defendants contend. And though Court did not accept FS's argument for modification, that argument rested on decisions by well-respected members of this Court, and the Court's rejection of the motion was based on its assessment of the efficiencies presented by the particular circumstances of this case.

**2. FS's Proposed Amendment Is Important**

FS's proposed amendment easily meets the importance standard. An amendment is "important" even if it merely "'*potentially* provide[s] additional grounds' for a party to recover." *BMSH*, 2024 WL 4229312, at *3 (emphasis added). Defendants' reliance on *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013), is misplaced. There, the court could not determine the importance of the amendment because the plaintiff failed to attach the proposed amendment, and, in any case, the amendment was likely futile.

Defendants acknowledge that FS's contractual liquidated damages claim exceeds their ability to pay. They are incorrect in asserting that they have enough liquidity or even assets to pay a judgment awarding FS its lost profits. *See supra* at 1-2. Tellingly, Defendants do not explain why their assets have been shrinking rapidly. *See* Am. Compl. ¶ 5. The proposed amendment is important because the risk to FS's ability to recover is real.

**3. Defendants' Claim Of Prejudice Is Unpersuasive**

A party resisting a Rule 16 motion normally points out that allowing the amendment would "disrupt[] the court's discovery schedule and the opponent's preparation." *See*

*Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) (internal quotation marks omitted). Here, Defendants concede that "the issue is not delay." ECF 185 at 21.

Instead, they assert, there is *inherent* prejudice any time there would be "new causes of action and different parties." *Id.* at 20 (quoting *Hammond v. United States*, 2023 WL 8113860, at *4 (W.D. Tex. June 6, 2023)). Defendants overstate their case. The court in *Hammond* found that adding new claims and a new party would *not* be prejudicial because the "core" of the suit remained the same even with the addition of new claims and a new defendant. 2023 WL 8113860, at *4. Here too, the core of the suit remains the same: Orient Gene and Healgen breached a contract with FS, and FS seeks to collect damages.

Defendants also say they will be prejudiced by having to challenge service and personal jurisdiction for the China-based defendants. ECF 185 at 20. But personal jurisdiction over other parties is not something that *these* Defendants will have to brief. As for service, FS successfully served Orient Gene using Hague Convention service in China, ECF 168, and it may be possible to serve foreign defendants through agents in the United States, which requires no Hague service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988).

At bottom, the only cognizable potential prejudice Defendants point to is the "cost" of allowing the amendment. ECF 185 at 21. But here too Defendants have it backwards. Their owners are going to face the significant cost of defending the [redacted] claims wherever they proceed. Combining those claims with the contract claim will actually *reduce* the ultimate expense of litigation, as the Court observed in its Order of June 8. ECF 174 at 7-8. In any event, "the cost of having to defend against additional claims" is

"simply an unfortunate, yet ordinary, byproduct of litigation, and … not the type of disadvantages that constitute undue prejudice." *In re Juliet Homes, LP*, 2010 WL 5256806, at *5 (Bankr. S.D. Tex. Dec. 16, 2010).

#### 4. The Cognizable Potential Prejudice Was Cured By The Continuance Defendants Obtained

As noted above, courts ordinarily are concerned about disruption of the trial preparation schedule. Defendants cured that prejudice by obtaining an abatement of the trial schedule. ECF 176. And, as the Court observed (ECF 174 at 7), combining the contract claim and the [redacted] claims is likely to create efficiencies, which will ultimately reduce the parties' overall costs.

### B. Rule 15 Is Met

Rule 15's standard is "more liberal" than Rule 16's. *United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758, 765 (5th Cir. 2025). But Defendants cede no ground, asserting undue delay, bad faith, undue prejudice, and futility. Defendants are incorrect on each point.

#### 1. There Was No "Undue Delay"

Because FS's explanation for delay is "adequate" under Rule 16, its delay is not "undue" under the more liberal standard of Rule 15. Under Rule 15, "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue.*" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (emphasis in original).

Defendants' cases (ECF 185 at 22) all turned on an *unjustified* delay. *B.A. Kelly Land Co. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022) (movant

simply failed to "address its delay"); *Smith v. EMC Corp.*, 393 F.3d 590, 595-96 (5th Cir. 2004) (plaintiff sought to amend on second-to-last day of trial based on document produced in discovery); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (movant deliberately withheld its amendment until *after* the court's dismissal of first complaint); *Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir. 1999) (movant failed to justify its delay); *Gregory v. Mitchell*, 634 F.2d 199, 202-03 (5th Cir. 1981) (plaintiff pursued new claim and jurisdictional basis after court took motions to dismiss and for summary judgment under submission).

Here, as with their Rule 16 analysis, Defendants' "undue delay" argument suffers from a distorted metric—the question here is not the delay between learning the new facts and filing the motion *to amend*, but rather the actions that FS took after receiving the incriminating documents. At every step of the way, FS proceeded with diligence. *See supra* at 2-4.

### 2. FS Acted In Good Faith And With A Proper Motive

Contrary to Defendants' assertion, FS has prosecuted this case in good faith and with the motive of winning its claims and recovering *the full measure of its damages*. Here again, Defendants distort FS's respect for this Court's orders and procedures in an effort to twist that respect into some kind of "gamesmanship" or "attempts to manipulate diversity jurisdiction."[2]

---

[2] This, from litigants whose "rapid filing in China after this action began, while initially concealing the Chinese case from this Court…, suggest[ed] tactical forum selection rather than legitimate jurisdictional interests," ECF 66 at 4, and who hired Judge Ellison's wife's

Defendants are incorrect in asserting that FS wishes to evade rulings on the pending summary judgment motions. To the contrary, FS believes that Defendants' positions on the contract claim are meritless—and in some instances borderline frivolous. Moreover, the actual events belie Defendants' aspersions on FS's motives. FS did not wait for Defendants to file their summary judgment motion in order to assess the weakness of its claim and amend its complaint accordingly. FS fully apprised the Court and Defendants of the new causes of action and the new defendants before discovery was completed, even sharing a draft complaint. And FS's proposed amendment does not alter the breach-of-contract claim on which Defendants have sought summary judgment—it was obviously interposed in response to this Court's guidance, ECF 174, not to evade a ruling on the merits of the contract claim.

For that reason, Defendants' cases (ECF 185 at 23) are inapposite. In all those cases, the plaintiffs revealed their new claims *after* defendants filed their summary judgment motions—not before, as FS did. *Parish*, 195 F.3d at 763; *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992); *Sw. Intelecom Inc. v. Compass Bank*, 253 F. App'x 372, 376 (5th Cir. 2007); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 138 (5th Cir. 1993). Additionally, no bad faith can be inferred from FS's legitimate pursuit of the speedy resolution of its claims, nor from its legitimate decision to accept the Court's guidance that amendment of the complaint would "appear to promote judicial efficiency by allowing all claims arising from the

law firm nearly a year into the case, drawing a recusal immediately before they sought a stay. ECF 84, 88.

same underlying facts to proceed in a single action, while still preserving Plaintiff's ability to pursue its claims against all allegedly responsible parties." ECF 174 at 7.

**3. There Is No "Undue Prejudice"**

For the same reasons that FS's proposed amendment is not unduly prejudicial under Rule 16, *see supra* at 4-6, it is not unduly prejudicial under Rule 15.

Defendants cite (ECF 185 at 24-25) a litany of cases to support their argument of "undue prejudice" under Rule 15, but those cases are inapposite. Most of them involved efforts to replace the original claim with a new claim and a new theory *against the original defendant*. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 460 (5th Cir. 2012); *Mayeaux*, 376 F.3d at 424; *Parish*, 195 F.3d at 763; *Smith*, 393 F.3d at 596; *Little*, 952 F.2d at 846. Others involved late-stage amendments aimed at rescuing flawed or dismissed claims. *See Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*, 484 F. Supp. 3d 448, 463 (S.D. Tex. 2020); *Mayeaux*, 376 F.3d at 427. By contrast, FS's claim against the existing Defendants is fully consistent with its original claim; and both of FS's proposed new claims are against new defendants.

Defendants' contention that they will be prejudiced because they need to "prepare a defense for a [different] claim" (ECF 185 at 24) is incorrect. The [redacted] claims are not proposed to be pled against these Defendants.

The closest case Defendants cite is *Agar Corp. v. Multi-Fluids Inc.*, 1998 WL 425474, at *4 (S.D. Tex. Apr. 17, 1998), in which the court determined that a less prejudicial alternative existed because the plaintiff could assert the new claims in a separate action. Here, of course, Defendants opposed that alternative and the Court agreed with them,

finding amendment to be the "obvious and reasonable alternative course of action." ECF 174 at 7.

#### 4. FS's Amendment Is Not Futile

Defendants do not attempt to argue that the proposed amendment fails to state claims of [redacted], the standard for assessing futility on a motion to amend. *See Clark v. Dep't of Pub. Safety*, 141 F.4th 653, 662 (5th Cir. 2025). Instead, they argue (incorrectly) that their pending summary judgment motion precludes consideration of the normal standard.

Neither of the two cases Defendants cite supports this argument. *Adams Fam. Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377 (5th Cir. 2011), stands for the unremarkable proposition that once a claim has been adjudicated on the merits at summary judgment and properly dismissed, the plaintiff cannot revive it by amending the complaint because "[p]leadings are not competent summary-judgment evidence." *Id.* at 381. In *Majestic Synthetic Oil, LLC v. Underwriters at Lloyd's*, 2025 WL 1837519 (S.D. Tex. July 3, 2025), rather than comparing the amendment against its summary judgment ruling, the court found that the proposed defenses were not supported by sufficient factual allegations and therefore futile. *Id.* at *8.

In any event, as noted above, Defendants are incorrect in asserting that FS's new claims hinge on its entitlement to liquidated damages. *See supra* at 1-2.

### C. The Court Should Permit Joinder Of Non-Diverse Defendants

#### 1. The Purpose Of The Amendment Is Not To Defeat Federal Jurisdiction

Defendants strain credulity by arguing that FS's course of conduct "evidences an intent and purpose by FSMS to add non-diverse defendants to avoid federal jurisdiction." ECF 185 at 30. FS attempted to *preserve* this Court's jurisdiction by seeking leave to pursue its new claims in state court. That is the opposite of attempting to defeat federal jurisdiction. Defendants' claim that FS is "trying to manipulate jurisdictional considerations" (*id.*) is equally ludicrous. Seeking modification of the protective order rather than derailing the schedule entered by the Court was a perfectly legitimate procedural choice: A plaintiff is allowed to pursue [redacted] claims in a separate action. [redacted]

Finally, FS's desire for a speedy trial is nothing improper either. Delay is a defendant's best friend.

#### 2. FS Has Been Diligent

As explained above, FS has been diligent. *See supra* at 2-4, 6-7.

#### 3. FS Will Be Significantly Injured Absent Joinder Of Non-Diverse Defendants

FS will be prejudiced if the Court does not join the non-diverse defendants—[redacted]. Claims against them should be decided in the same proceeding as claims against the diverse defendants.

[redacted] It will harm FS if it is forced to sue them in separate litigation.

[redacted]

Moreover, when FS succeeds in obtaining a judgment, it is uncertain how much it will be able to collect in China from locally powerful Chinese defendants, who have the ability to manipulate the Chinese court system, as explained by FS's expert in support of its successful motion for an anti-suit injunction. Decl. of Donald Clarke ¶¶ 26-45, ECF 39-1 at 29-37. FS would be harmed without the ability to sue all proper defendants in a single proceeding, including the Texas-based defendants whose assets are subject to U.S. jurisdiction.

**4. The Remaining Equities Favor Joinder**

Defendants' argument that FS could not pursue its claims outside of this case reflects a misunderstanding of the Court's prior ruling. The Court did not hold that there is *never* good cause to amend a protective order. It held that proceeding in a *single* action is the obvious and reasonable alternative under the circumstances presented here. ECF 174 at 7.

In addition, Defendants' interest in a federal forum is less significant than they assert. Diversity jurisdiction was adopted by the Framers "to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005). Healgen is located in Texas and organized under Texas law. There is diversity jurisdiction only because Healgen was organized as an LLC, so it takes the citizenship of its member, Orient Gene. In a case where a defendant has local ties to Texas, the risk of bias against that defendant appears weak. In any case, the potential for bias against out-of-state defendants does not overcome a plaintiff's "right to sue all *proper* defendants, even if that means this

case must be litigated in state court." *Sam Rayburn Mun. Power Agency v. Gillis*, 2015 WL 410268, at *7 (E.D. Tex. Jan. 30, 2015); *see Gomez v. Specialized Loan Servicing, LLC*, 2023 WL 3604729, at *3 (W.D. Tex. May 4, 2023) (plaintiff made several "missteps" that took six months to resolve, but those efforts "[we]re not indicative of dilatory conduct"; defendant's concern for "potential bias in the abstract" does not outweigh other generalized equities), *R&R adopted*, 2023 WL 3612340 (W.D. Tex. May 22, 2023).

**CONCLUSION**

The Court should grant leave to amend and join non-diverse parties.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Ryan Hartman*
Ryan Hartman
Texas Bar No. 24050727
S.D. Tex. Bar No. 608056
ARNOLD & PORTER
KAYE SCHOLER LLP
811 Main Street, Suite 1800
Houston, Texas 77002
Telephone: 713.576.2400
ryan.hartman@arnoldporter.com

Kent Yalowitz (admitted *pro hac vice*)
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212.836.8344
kent.yalowitz@arnoldporter.com

Eliseo Puig (admitted *pro hac vice*)
ARNOLD & PORTER
KAYE SCHOLER LLP
1144 Fifteenth Street

Denver, CO 80202
Telephone: 303.863.1000
eliseo.puig@arnoldporter.com

*Attorneys for Plaintiff, FS Medical Supplies, LLC.*

## CERTIFICATE OF WORD COUNT

The foregoing brief contains 3,709 words based on Microsoft Word's word-processor register, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

/s/ *Ryan Hartman*
Ryan Hartman

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, this motion and its attachments were served on all counsel of record via the ECF system.

/s/ *Ryan Hartman*
Ryan Hartman